IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHUBBY GORILLA INC., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A", <br><br> Defendants. | Case No. 24-cv-13000 <br><br> Judge Sara L. Ellis <br> Magistrate Judge Laura K. McNally |

**AMENDED MOTION FOR REASSIGNMENT OF RELATED CASES**

Pursuant to Local Rule 40.4, Plaintiff Chubby Gorilla, Inc., ("Plaintiff") respectfully requests that Case Numbers 24-cv-13005, 24-cv-13021, 24-cv-13027, 24-cv-13031 24-cv-13034, and 25-cv-00118 be reassigned to the calendars of Judge Sara L. Ellis and Magistrate Judge Laura K. McNally. In support of its motion, the Plaintiff states the following:

**I.      INTRODUCTION**

On December 20, 2024, Plaintiff filed the original Motion for Reassignment of Related Cases [7]. On January 6, 2025, Plaintiff filed a new case, Case No. 25-cv-00118, which is related to the previously identified cases.

To date, Plaintiff has filed seven related cases against online infringers engaged in the unauthorized use of its intellectual property. These cases involve overlapping legal and factual issues, including the same Plaintiff, the same infringement claims, and defendants who are anonymous e-commerce operators infringing Plaintiff's rights. Moreover, the Plaintiff indicated that the cases are related to 24-cv-13000 in Section IX of the cover sheets filed for each case. The other six cases were assigned as follows:

1

| Case Number | Judge |
|---|---|
| 24-cv-13005 | Joan B. Gottschall |
| 24-cv-13021 | Matthew F. Kennelly |
| 24-cv-13027 | Sharon Johnson Coleman |
| 24-cv-13031 | Andrea R. Wood |
| 24-cv-13034 | Manish S. Shah |
| 25-cv-00118 | Jorge L. Alonso |

The cases meet the criteria for relatedness under Local Rule 40.4(a) because they involve the same Plaintiff, the same property—Plaintiff's design patents and common law trade dress—and share common issues of fact and law, including allegations of design patent and trade dress infringement. Additionally, the conditions for reassignment specified in Local Rule 40.4(b) are satisfied: all cases are pending in this Court; assigning them to the same judge would likely result in substantial judicial efficiency; the earlier case has not advanced to a stage where reassignment would cause significant delay; and the cases are capable of resolution in a single proceeding.

For these reasons, Plaintiff respectfully requests that this Court find the cases related under Local Rule 40.4(a) and reassign them to Judge Sara L. Ellis pursuant to Local Rule 40.4(b).

## II. ARGUMENT

### A. THE CASES ARE RELATED BECAUSE THEY SHARE SUFFICIENT POINTS OF COMMONALITY

Plaintiff moves to have six cases reassigned to the same Judge and Magistrate Judge as in this case because all these cases meet the criteria for relatedness under Local Rule 40.4(a). Civil cases are related if, *inter alia*, "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; [or] (3) the cases grow out of the same transaction or occurrence." LR 40.4(a). While only one factor needs to be shown to establish relatedness, at least two factors are satisfied in this case.

First, all seven cases involve the same property – the same set of Plaintiff's design patents and common law trade dress. Each defendant is alleged to have infringed upon the same intellectual property through similar means, targeting the same protected designs.

In addition, the cases also involve the same issues of fact or law. In fact, Plaintiff's pleadings across cases are virtually identical, asserting the same legal claims, such as design patent infringement and trade dress infringement, and relying on substantially similar evidence, including product listings, screenshots, and side-by-side comparisons.

While Plaintiff has not obtained sufficient evidence to conclusively prove that the cases grow out of the same transaction or occurrence at this stage of the litigation, defendants' conduct potentially involves coordinated schemes to sell infringing products through e-commerce platforms, as a common pattern of their behaviors reflected in these cases. The consistent pattern of infringement across these cases suggests a connection that may be substantiated through further discovery.

Accordingly, the cases are related, as defined by Rule 40.4(a).

**B.      THE CONDITIONS REQUIRED BY LR 40.4(b) WILL BE MET IF THE CASES ARE FOUND TO BE RELATED**

"A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge." LR 40.4(b). The following criteria must be met:

> (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

LR 40.4(b). The first element is satisfied because all seven new cases are currently pending before various Judges in the Eastern Division of the Northern District of Illinois.

The handling of all six cases in addition to this case by the same judge is also likely to result in a substantial saving of judicial time and effort. Because all seven cases are essentially the same in all aspects, the trajectory of each case will likewise be largely unvarying. Plaintiff will be filing the same motions and requesting the same relief for each case simultaneously. It stands to reason that all seven hearings be conducted before a single judge in the span of one motion call rather than in seven hearings before seven different judges.

Also, it is highly likely that the Defendants named across the seven cases are related. Should Defendants from different cases come together to form a single group and settle across two or more cases, a single judge will more readily understand the circumstances that led to a single settlement as to all these defendants without doing considerable background research on the other cases involved.

The third element is likewise satisfied because none of the cases have progressed substantially. Six new cases were filed on December 18, 2024 and one was filed on January 6, 2025. No motions have been filed which would significantly propel the seven cases forward, and no defendants have been served.

Finally, the seven cases are susceptible of disposition in a single proceeding. "Although Rule 40.4(b) requires a showing that the cases to be reassigned be susceptible of determination in a single proceeding with the earlier case already pending on the judge's docket, it does not require proof that the cases can or should be consolidated. Rather, the Rule requires only a finding that the cases are 'susceptible' (that is, capable) of determination in a single proceeding." *Fairbanks Cap. Corp. v. Jenkins*, 02 C 3930, 2002 WL 31655277, at *3 (N.D. Ill. Nov. 25, 2002). In the context of the seven cases in question, all involve the same plaintiff and the same claims. Each defendant is alleged to have infringed upon the same intellectual property through similar means, targeting

the same protected designs. Additionally, the legal claims asserted—such as design patent infringement and trade dress infringement—are virtually identical across the cases, relying on substantially similar evidence. As such, these cases are plainly susceptible to disposition in a single proceeding. *See 21 srl v. Enable Holdings*, Inc., No. 09-CV-3667, 2009 WL 4884177, at *3 (N.D. Ill. Dec. 9, 2009) (the court determined that cases are plainly susceptible of disposition in a single proceeding as both involve the same patent claim, similar infringement allegations, and shared issues anticipated during claim construction, summary judgment, and trial).

Therefore, the conditions outlined in Local Rule 40.4(b) have been met and the six named cases should be reassigned accordingly.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully moves this Court to reassign Case Numbers 24-cv-13005, 24-cv-13021, 24-cv-13027, 24-cv-13031, and 24-cv-13034 to Judge Sara L. Ellis for all further proceedings.

Dated: January 6, 2025

Respectfully submitted,

/s/ James E. Judge

Zareefa B. Flener (IL Bar No. 6281397)
James E. Judge (IL Bar No. 6243206)
Ying Chen (IL Bar No. 6346961)
Flener IP Law, LLC
77 West Washington Street, Suite 800
Chicago, Illinois 60602
(312) 724-8874
jjudge@fleneriplaw.com